IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TARA METHENEY<br>1833 South Lawn Ext.<br>Coshocton, OH 43812<br><br>and<br><br>LARRY METHENEY<br>1833 South Lawn Ext.<br>Coshocton, OH 43812<br><br>    Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF<br>AMERICA<br>c/o Carole S. Rendon<br> U.S. Attorney<br>801 West Superior Avenue<br>Suite 400<br>Cleveland, OH 44113-1852<br><br>and<br><br>c/o Loretta E. Lynch, Jr.<br> United States Attorney General<br>950 Pennsylvania Avenue NW<br>Washington, D.C. 20530<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT**<br><br><br>**TYPE: MEDICAL MALPRACTICE**<br><br><br>**JURY DEMAND ENDORSED<br>HEREON**<br><br><br>**MOTION FOR EXTENSION OF<br>AFFIDAVIT OF MERIT FILING<br>DEADLINE ATTACHED HERETO** |

  Now come Plaintiffs, by and through their attorney, and for their Complaint state as follows:

## THE PARTIES

1. Plaintiffs are and were at all pertinent times a citizens and residents of the State of Ohio.

2. At all times relevant hereto, Defendant The United States of America, through the Department of Veterans Affairs, was the owner, operator and supervisor of a medical facility known as the Louis Stokes VA Medical Center (hereinafter referred to as the "Cleveland VA"), which was located at 10701 East Blvd., Cleveland, Ohio.  The Defendant, The United States of America, through the Department of Veterans Affairs, employed physicians, nurses and other health care professionals and held itself out to the general public, including Plaintiffs, as being possessed of the requisite skills, knowledge, and facilities to offer quality medical care and treatment.  The Cleveland VA Medical Center is and was located in the State of Ohio and in Cuyahoga County, which are within the Northern District of Ohio, and, as such, this Court has <u>in personam</u> jurisdiction as to the Defendant.

3. At all times relevant hereto, the physicians, nurses and other health care professionals who were providing care and treatment to Plaintiffs, were officers, agents and/or employees of Defendant The United States of America and were acting in and about the discharge of their duties with said Defendant and within the scope of their office, agency or employment.

## JURISDICTION AND VENUE

4. On July 14, 2015, the Department of Veterans Affairs received this claim, made in the amount of $3,300.00, pursuant to the provisions of the Federal Tort Claims Act.  By certified mail dated January 15, 2016, the Department of Veterans Affairs

informed Plaintiffs that their claim was denied. On March 3, 2016, Plaintiffs requested a review of the decision and increased the amount of her demand to $150,000.00 in light of the increasing extent of her injuries. On March 30, 2016, the Department of Veterans Affairs completed its review of the decision and issued a final denial to Plaintiffs' claim. This Court, therefore, has jurisdiction with respect to the claims set forth herein pursuant to 28 U.S.C. §2675:  less than six months having passed from the date of a final disposition of denial by the Department of Veterans Affairs.

5.     Venue is proper as to this District and Division under 28 U.S.C. §1391(e) and is deemed to be a resident of this District for purposes of venue.

## **FIRST CLAIM FOR RELIEF – MEDICAL MALPRACTICE**

6.     Plaintiffs hereby provide that paragraphs one (1) through five (5) are incorporated herein as if fully realleged.

7.     On or about April 23, 2012, Plaintiff received a total ankle replacement at the Cleveland VA for osteoarthritis in the left ankle from Dr. Howard Kimmel, an employee of the Cleveland VA.  The Plaintiff continued to present with pain at her subsequent follow-up visits, and on the May 24, 2012 visit the surgical incision was noted as having a dehiscence directly over the ankle joint. The doctor noted erythema at the incision site as well. At her June 21, 2012 follow up visit, erythema was still present and serous drainage was still issuing from the wound, and Plaintiff described having soreness in the toes of her left foot. At her July 5, 2012 follow up visit, she complained of having swelling in the left leg and her wound was again debrided by curette. She complained of continuing numbness in her left toes on November 29, 2012, as well as continuing pain in her ankle. These symptoms continued and worsened over

the following two years. On August 14, 2013, Plaintiff received an X-ray of her left ankle which showed a potential loosening of the prosthesis. A follow-up Xray on November 26, 2013, raised the question of a possible avulsion of the malleolus rather than infection or loosening.  Finally, the Plaintiff began treating with another ankle replacement specialist on January 16, 2015, who determined that the ankle prosthesis was loose and possibly infected. Plaintiff underwent an ankle fusion procedure on March 2, 2015, which confirmed a loose prosthesis as well as a "tremendous amount" of casseous tissue. This was biopsied, and the Plaintiff was determined to have osteomyelitis and synovitis.  Thereafter, Plaintiff had a long and complicated convalescence and required multiple additional surgeries of the ankle as well as continued physical therapy and medical care. Plaintiff also presently faces the potential of a left foot amputation should she not respond to surgical intervention.

8. Plaintiffs state that the medical care and treatment rendered to Plaintiff Tara Metheney by officers, agents and/or employees of Defendant The United States of America was negligent and below accepted standards of medical care.

9. The officers, agents and/or employees of Defendant The United States of America, by their joint, combined and concurrent acts and/or omissions, negligently failed to provide Plaintiff with competent, safe and acceptable medical care and treatment.  The Defendant's negligence included, but was not limited to, failure to properly implant the ankle replacement, perform the appropriate follow-up treatment and diagnostic procedures to determine the nature and extent of Plaintiff's condition, failure to prevent infection of the ankle prosthesis, and failure to timely diagnose and address

failure and/or infection of the Plaintiff's ankle replacement which resulted in further injury.

10. The officers, agents and/or employees of Defendant The United States of America negligently failed to follow the customary and usual skills and procedures in regular use by members of the medical community. The Defendant's negligence included, but was not limited to, the failure to properly implant the ankle replacement, perform the appropriate follow-up treatment and diagnostic procedures to determine the nature and extent of Plaintiff's condition, failure to prevent infection of the ankle prosthesis, and failure to timely diagnose and address failure and/or infection of the Plaintiff's ankle replacement which resulted in further injury.

11. The officers, agents and/or employees of Defendant The United States of America negligently failed to exercise the degree of care and skill ordinarily employed by members of their profession in the same line of practice or specialty. The Defendant's negligence included, but was not limited to, the failure to properly implant the ankle replacement, perform the appropriate follow-up treatment and diagnostic procedures to determine the nature and extent of Plaintiff's condition, failure to prevent infection of the ankle prosthesis, and failure to timely diagnose and address failure and/or infection of the Plaintiff's ankle replacement which resulted in further injury.

12. As a direct and proximate result of the joint, combined and concurrent negligence of the officers, agents and/or employees of Defendant The United States of America, Plaintiffs suffered severe and permanent injuries, was denied effective medical, nursing and related health care services, and experienced much pain, suffering and mental anguish and emotional distress and will continue to do so into the indefinite

future; has incurred medical expenses and will continue to incur expenses into the indefinite future; has sustained a loss of income and an impaired earning capacity; was prevented from transacting her business and daily activities and will be prevented from doing so in the indefinite future.

13. As a direct and proximate result of the joint, combined and concurrent negligence of the officers, agents and/or employees of Defendant The United States of America, Plaintiff has lost any chance of successful treatment to alter her prognosis, and has sustained an increased risk of harm, a reduced chance of survival, and a reduced life expectancy.

## **SECOND CLAIM FOR RELIEF – INFORMED CONSENT**

14. Plaintiffs hereby provide that paragraphs one (1) through thirteen (13) are incorporated herein as if fully realleged.

15. The officers, agents and/or employees of Defendant The United States of America The above named Defendants, through their agents, servants, and or employees, failed to obtain an informed consent from the Plaintiff for the medical care and treatment rendered to her.  Specifically, the Defendants, by and through their agents, servants and or employees failed to appropriately inform the Plaintiff of the material risks and benefits of the medical treatment rendered, and failed to inform the Plaintiff of alternative forms or methods of treatment.  The risks of the care and treatment rendered did in fact materialize, thereby causing Plaintiff's injuries, as previously described in paragraph 12 of this Complaint.  Had the risks and benefits of the medical treatment rendered been properly disclosed, a reasonable person in Plaintiff's position would have

declined the medical treatment recommended and rendered by the Defendants by and through their agents, servants and employees.

16.  As a direct and proximate result of the Defendants' failure to obtain an informed consent, and failure to inform the Plaintiff of the material risks and benefits and alternatives to the treatment that was recommended and performed, Plaintiff suffered permanent injuries and damages as previously described in paragraph 2 of this Complaint.

17.  As a direct and proximate result of the failure to obtain an informed consent, and failure to inform the Plaintiff of the material risks and benefits and alternatives to the treatment that was recommended and performed by the officers, agents and/or employees of Defendant The United States of America, Plaintiff suffered permanent injuries and damages as previously described in paragraph 12 of this Complaint.

### THIRD CLAIM FOR RELIEF – LOSS OF CONSORTIUM

18.  Plaintiffs hereby provide that paragraphs one (1) through seventeen (17) are incorporated herein as if fully realleged.

19.  At all times relevant, Plaintiff Larry Metheney was, and remains, the lawful spouse of Plaintiff Tara Metheney.

20.  As a direct and proximate result of the joint, combined and concurrent negligence of the officers, agents and/or employees of Defendant The United States of America, Plaintiff Larry Metheney lost the consortium, services and companionship of his spouse, Plaintiff Tara Metheney.

WHEREFORE, Plaintiffs demands judgment against Defendant The United States of America in the amount of One Million Dollars ($1,000,000.00), together with

interest, the costs of this action and for all other relief that this Court deems just and equitable.

                                                  Respectfully submitted,

                                                  PERANTINIDES & NOLAN CO., L.P.A.

                                                  <u>/s/ Paul G. Perantinides</u>
                                                  PAUL G. PERANTINIDES #0006618
                                                  MATTHEW A. MOONEY #0093332
                                                  Attorneys for Plaintiffs
                                                  300 Courtyard Square
                                                  80 South Summit Street
                                                  Akron, OH  44308-1736
                                                  (330) 253-5454
                                                  (330) 253-6524 Fax
                                                  Email: paul@perantinides.com
                                                          mmooney@perantinides.com

## **JURY DEMAND**

Plaintiffs hereby demands a trial by jury on all issues contained in Plaintiffs' Complaint.

                                                  <u>/s/ Paul G. Perantinides</u>
                                                  PAUL G. PERANTINIDES #0006618
                                                  MATTHEW A. MOONEY #0093332