# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Tara Metheney, et al, | ) |
| | ) CASE NO. 1:16-CV-2398 |
| Plaintiffs, | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) MEMORANDUM OPINION |
| Defendant. | ) |

This matter is before the Court on Defendant's Partial Motion to Dismiss Complaint (ECF #18) for lack of subject matter jurisdiction over Plaintiff Larry Metheney and his loss of consortium claim. Plaintiffs, Tara and Larry Metheney, filed a Memorandum in Opposition to Defendant's Partial Motion to Dismiss Complaint (ECF #24) and Defendant filed a Reply (ECF #26). For the reasons set forth herein, Defendant's Partial Motion to Dismiss Complaint (ECF #18) is GRANTED.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Tara Metheney received ankle replacement surgery at the Louis Stokes Veterans Medical Center ("VAMC") on April 23, 2012. (Complaint ¶ 7). After multiple appointments at VAMC related to her ankle surgery, she received surgery on the same ankle, from a different provider, on March 2, 2015. (*Id.*).

Plaintiffs filed a Standard Form 95 with the Department of Veterans Affairs in July 2015. (ECF #18-3, Attached Ex. A, PageID# 111). Plaintiff Larry Metheney was not listed as a claimant on the form, nor was a loss of consortium claim mentioned anywhere on the form. (*Id.*).

Plaintiff Larry Metheney did not file a separate administrative claim with the VA. (Hales Decl. ¶ 4; ECF #18-2, PageID# 109). Following the final denial of Plaintiff Tara Metheney's claim on March 30, 2016, the Plaintiffs filed the Complaint in this case. (Complaint ¶ 4). Plaintiff Larry Metheney asserts in the Complaint that he "lost the consortium, services and companionship of his spouse, Plaintiff Tara Metheney." (Complaint ¶ 20).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a complaint over which the Court lacks subject matter jurisdiction. "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir.2002). Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties. "A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, which is a similar safeguard employed under 12(b)(6) motions to dismiss." *McGuire v. Ameritech Servs.*, 253 F.Supp.2d 988, 993-94 (S.D.Ohio 2003) (quoting *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)). In contrast, a factual challenge "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, F.3d 592, 598 (6th Cir.1994) (citations omitted).

## LAW AND ANALYSIS

In this case, Defendant presents a factual challenge. The Federal Tort Claims Act ("FTCA") provides a "limited waiver of the [United States'] immunity from suits for torts committed by federal employees and places several conditions on the waiver." *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008). *See generally* 28 U.S.C. §§ 2674-2680. One of those conditions is that, before bringing a claim under the FTCA, a claimant must file an administrative claim against the appropriate federal agency and exhaust administrative remedies. 28 U.S.C. § 2675(a). This is a jurisdictional requirement which applies to each claim and each claimant. *Rucker v. U.S. Dep't of Labor*, 798 F.2d 891, 893 (6th Cir. 1986).

Plaintiffs admit that "Larry Metheney was not specifically named a claimant" on the Standard Form 95. (ECF #24, PageID# 129). Nonetheless, Plaintiffs argue that "[t]he Department of Veterans Affairs possessed sufficient information . . . to infer that 1) Larry Metheney was the spouse of Tara Metheney and 2) that he had suffered a loss of consortium as a result of [her] injuries." (*Id.* at PageID# 131). This is not enough: "[I]dentifying a claimant's [spouse] on a Standard Form 95, without more, is not sufficient to fulfill the jurisdictional requirements of 28 U.S.C. § 2675(a)." *Rucker v. U.S. Dep't of Labor*, 798 F.2d 891, 893 (6th Cir. 1986). Here, Plaintiff Larry Metheney is not even identified as Plaintiff Tara Metheney's husband on the Standard Form 95 and there is no loss of consortium claim listed.

Because Plaintiff Larry Metheney failed to present an administrative claim to the VA, as required by the FTCA, this Court does not have subject matter jurisdiction over his loss of consortium claim.

## CONCLUSION

Plaintiff Larry Metheney failed to meet the jurisdictional requirements of the FTCA and, as a result, this Court lacks subject matter jurisdiction over his loss of consortium claim. For this reason, Defendant's Partial Motion to Dismiss Complaint (ECF #18) is hereby GRANTED. Plaintiff Larry Metheney and the loss of consortium claim are DISMISSED with prejudice pursuant to Fed. Civ. R. 12(b)(1).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: May 11, 2017