UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TARA METHENEY | ) | CASE NO. 1:16CV2398 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon a Motion for Partial Summary Judgment filed by the Defendant, United States of America ("United States"). (ECF #63). Plaintiff, Tara Metheney, ("Ms. Metheney"), filed a Memorandum in Opposition, (ECF #64), and the United States filed a Response. (ECF #65). This matter is fully briefed and ripe for review. For the reasons set forth herein, the United States' Motion is DENIED.

I. <u>Factual and Procedural History</u>[1]

On April 23, 2012, Ms. Metheney underwent a total left ankle replacement procedure from Dr. Howard Kimmel ("Dr. Kimmel") and Dr. Jerry Roberts ("Dr. Roberts") at the Department of Veterans Affairs ("the VA") in Cleveland, Ohio. Ms. Metheney received treatment from Dr. Kimmel until June of 2014, due to ongoing issues with the prosthesis and pain in the ankle.

On January 16, 2015, Ms. Metheney presented to Dr. David Welker ("Dr. Welker") at Advanced Orthopedics and Rehabilitation for a second opinion. Dr. Welker found that the

---

[1] The factual summary is based upon the parties' statements of fact. Those material facts which are disputed and supported by deposition testimony, affidavit or other evidence are stated in a light most favorable to Plaintiff, the non-moving party.

1

prosthesis was loose and possibly infected, and presented Ms. Metheney with three options: ankle replacement revision, fusion of the ankle joint, or amputation. Ms. Metheney opted for the fusion procedure, which was done in March 2015. Ms. Metheney claims that during follow-up visits, Dr. Welker indicated that her condition was "great," that the bone graft appeared to be consolidating, and that Ms. Metheney had no complaints of pain, numbness, tingling or burning. (See ECF #64-1, p. 3).

On July 20, 2015, Ms. Metheney filed her administrative claim with the VA, seeking $3,300.00, by submitting Standard Form 95. (ECF #18-3). Ms. Metheney indicated that while the bone graft seemed to be healing, "we still have to wait to see if my ankle will accept the cadaver bone. If it does not, I will still lose my foot above the ankle." (ECF #18-3, p. 5). In January of 2016, Dr. Welker told Ms. Metheney a rod in her ankle would need to be removed. Ms. Metheney claims she then called the VA and asked to amend her claim to $15,000.00, based upon Dr. Welker's advice.

On January 15, 2016, the VA denied her claim. The rod was removed several days later. In March of 2016, Ms. Metheney issued a written request to the VA asking for reconsideration "in the amount of $150,000." On March 30, 2016, the VA denied Ms. Metheney's claim.

On September 29, 2016, Ms. Metheney filed this lawsuit, alleging damages in the amount of $1,000,000.00 resulting from the negligence of the physicians and employees at the VA. (ECF #1).

On February 27, 2017, Ms. Metheney's left ankle was amputated, as the bone graft had not consolidated appropriately. (ECF #64-1, p. 5).

II. Analysis

A. Standard of Review

2

Summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)(citing Fed. R. Civ. P. 56(c)). The burden of showing the absence of any genuine issue of material fact rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Id.* at 323.

Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Therefore, in this matter, the United States bears the burden of proving that there are no factual issues relating to its argument that Ms. Metheney cannot claim damages over $15,000.00.

B. <u>Ms. Metheney's Administrative Claim</u>

The United States argues in its Motion for Summary Judgment that Ms. Metheney cannot obtain more than $15,000.00 in damages as stated in her administrative claim because the risk of amputation was not a new, unforeseen or intervening condition that would justify additional damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(b). (ECF #63-1, p. 5). The United States indicates that Dr. Welker testified at deposition that he "repeatedly told Plaintiff Metheney that she always had a risk of amputation and that the risk of amputation never resolved itself." (See ECF #63-1, pp. 6-7 (excerpts of Dr. Welker's deposition transcript). The United States argues that Ms. Metheney knew about the risk of amputation and should have

3

factored this possibility into her damages request in her administration claims with the VA. (See ECF #63-1, p. 11).

Ms. Metheney, on the other hand, argues that she did not believe amputation was a likelihood at the time she filed the administrative claim. Ms. Metheney agrees that Dr. Welker mentioned amputation as one option to address the ankle issues, but the ankle was fused instead. Ms. Metheney argues that after this fusion procedure, Dr. Welker did not mention the possibility of amputation, nor was such risk listed in the consent form for the rod removal procedure. (See ECF #64-1, pp. 3-4). As support for the belief amputation was not foreseeable, Ms. Metheney points out that when she contacted the VA in March of 2016 to modify her claim to $15,000.00, she did not mention the possibility of amputation. (See ECF #64-1, p. 4). Ms. Metheney also argues that since Dr. Welker told her to request "the paltry sum" of $15,000.00, this proves that ankle amputation was not a foreseeable risk at the time she filed the claim. (ECF #64, p. 2).

After evaluating the arguments made by each party, it is clear that there remain genuine issues of material fact as to whether Ms. Metheney believed that amputation was a foreseeable possibility when she filed her administrative claim. The parties interpret the medical records, claim forms, and deposition testimony quite differently. In fact, there are significant factual disputes relating to Dr. Welker's testimony about Ms. Metheney's treatment leading up to the ankle amputation. The issue of whether Ms. Metheney knew that the risk of ankle amputation was forseeable at the time she filed the administrative claim presents factual questions that are to be determined by a jury. For these reasons, the United States is not entitled to summary judgment as to the administrative claim.

C. Statute of Limitations

The United States acknowledges that there is a material issue of fact regarding whether Ms. Metheney's claims are time-barred, or whether the continuous treatment doctrine tolled the FTCA two-year statute of limitations. (ECF #65, p. 9). Therefore, the United States concedes it is not entitled to summary judgment on their statute of limitations defense.

D. Lack of Informed Consent

Ms. Metheney claims that employees at the VA failed to obtain informed consent from her for the medical care and treatment rendered. (ECF #1, pp. 6-7). Specifically, Ms. Metheney indicates she signed a consent form regarding the risks of a surgical ankle replacement for a cadaver bone, whereas she was planned to receive a metal implant. (ECF #64, p. 12). The United States argues that Dr. Kimmel testified that the consent form mistakenly said "cadaver bone," but the risks stated in the consent form covered those for the metal implant Ms. Metheney received. (ECF #65, p. 9-10). Clearly, this issue cannot be resolved through a summary judgment motion, as it presents genuine issues of material fact. Whether the VA properly disclosed to Ms. Metheney the risks of the procedure she was scheduled to receive is a question for the jury.

III. Conclusion

For the reasons set forth herein, the United States' Motion for Partial Summary Judgment (ECF #63) is DENIED. A jury trial remains scheduled for October 15, 2018 at 8:30 a.m. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Court

Date: September 11, 2018